[Cite as *State v. Nikolic*, 2020-Ohio-3718.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                       No. 108779

    v.                                    :

PETAR NIKOLIC,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 16, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-626684-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ronni Ducoff and Anna M. Herceg, Assistant Prosecuting Attorneys, *for appellee.*

Adam Parker, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Petar Nikolic, appeals his convictions following a guilty plea. For the reasons that follow, we affirm his convictions but order that the trial court enter a corrected journal entry, nunc pro tunc, to reflect that five years of community control was ordered on each count.

{¶ 2} In 2018, Nikolic was named in a four-count indictment charging him with kidnapping, two counts of domestic violence, and obstructing official business. Nikolic agreed to plead guilty to an amended Count 1, attempted abduction, a felony of the fourth degree, and Count 2, domestic violence, a first-degree misdemeanor. Counts 3 and 4 were nolled. He was sentenced to serve five years of community control sanctions on each count.

{¶ 3} Nikolic now appeals, raising two assignments of error.

## I. Denial of Pretrial Motion to Disqualify

{¶ 4} In his first assignment of error, Nikolic contends that the "trial court denied [his] right to effective assistance of counsel when it failed to respond to [his] motion to remove counsel."

{¶ 5} In 2018, Nikolic filed a motion to disqualify and dismiss his court-appointed attorney alleging that counsel failed to render adequate representation because counsel (1) failed to investigate the charges; (2) subjected Nikolic to repeated competency evaluations, which violated his right to a speedy trial; (3) failed to conduct discovery and obtain material and exculpatory evidence; (4) failed to present Nikolic with discovery to help in his defense; (5) failed to hire an independent investigator; and (6) failed to seek discovery of the victim's medical records. The record before this court reflects that the trial court did not rule on the motion; accordingly, it is deemed denied for purposes of this appeal. *See Savage v. Cody-Zeigler, Inc.*, 4th Dist. Athens No. 06CA5, 2006-Ohio-2760, ¶ 28 (motions

that a trial court fails to explicitly rule upon are deemed denied once a court enters final judgment).

{¶ 6} In this case, Nikolic entered a guilty plea, which is a complete admission of his guilt. "'[A] guilty plea represents a break in the chain of events that precede it in the criminal process.'" *State v. Korecky*, 8th Dist. Cuyahoga No. 108328, 2020-Ohio-797, ¶ 16, quoting *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). "When a defendant enters a plea of guilty, he waives all appealable errors that might have occurred unless the errors precluded the defendant from entering a knowing, voluntary, and intelligent plea." *Id.*, citing *State v. Robinson*, 8th Dist. Cuyahoga No. 107598, 2020-Ohio-98, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991).

{¶ 7} "A plea of guilty even waives the right to claim that a defendant was prejudiced by ineffective assistance of counsel, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary." *Korecky* at ¶ 19, citing *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *Spates* at 272.

{¶ 8} In this case, Nikolic suggests that if he had an attorney who made reasonable efforts to communicate with him, and the court had considered his motion to disqualify, there was a reasonable probability he may not have pleaded guilty. He does not, however, make any assertion that he did not enter a knowing, voluntary, or intelligent plea, and the record reflects that his plea was in fact made in compliance with Crim.R. 11.

{¶ 9} In support of his argument, Nikolic cites to *State v. Carter*, 128 Ohio App.3d 419, 715 N.E.2d 223 (4th Dist.1998), where the court was asked to reverse a defendant's guilty plea after the trial court denied the defendant's request for new counsel. At a pretrial hearing, Carter raised concerns about his trial counsel's performance, saying that his counsel was dishonest, had refused to communicate with him, and was working with the prosecution. The trial court advised Carter that he could hire his own counsel, but that the court would not appoint new counsel or grant him a continuance of trial. The trial court did not address the allegations Carter made in his motion, however. Although Carter gave no indication prior to the hearing that he would accept a plea, he pleaded guilty following the discussion with the court, believing that his only options were to plead or proceed without effective assistance of counsel. The record showed that Carter signed a written plea agreement but wrote on the form that he had no confidence in his attorney. The Fourth District reversed Carter's convictions, finding that his allegations about counsel's performance were sufficiently specific to trigger the trial court's duty to investigate the truth of the allegations, and that Carter demonstrated with reasonable probability that he would not have pleaded guilty had the court not summarily rejected his motion for new counsel. *Id.* at 423.

{¶ 10} *Carter* is readily distinguishable. First, unlike in *Carter* where the motion to disqualify and appoint new counsel was considered and rejected on the same day that the defendant pleaded guilty, Nikolic filed his motion to disqualify in September 2018, but pleaded guilty almost eight months later in May 2019. Looking

at the record as a whole, Nikolic made his motion to disqualify at a time when he was undergoing competency evaluations and restorative procedures.

{¶ 11} Moreover, in March 2019, Nikolic appeared before the trial court for pretrial discussions and a review of psychiatric reports and competency evaluations. During that hearing, where the court accepted the reports finding Nikolic competent to stand trial and where the state set forth the plea agreement, Nikolic did not express any dissatisfaction with his counsel or renew his request for new counsel. Additionally, and unlike in *Carter*, Nikolic did not mention at the time of his plea in May 2019, that he was dissatisfied with his counsel or gave any indication that he was only pleading guilty because that was his only option. In fact, during the plea colloquy, Nikolic affirmatively stated that he was satisfied with his counsel's representation.

{¶ 12} Based on the record before us, we find nothing that would indicate that at the time of the plea, Nikolic believed that his only options were to plead guilty or proceed without effective assistance of counsel. Therefore, Nikolic has not demonstrated that a reasonable probability exists that he would not have pleaded guilty, or that he did not enter a knowing, voluntary, or intelligent plea.

{¶ 13} Accordingly, Nikolic's first assignment of error is overruled.

## II. Effective Assistance of Counsel

{¶ 14} In his second assignment of error, Nikolic contends that he was denied his right to effective assistance of counsel under the Sixth Amendment when

counsel failed to inform him that this guilty plea would subject him to mandatory deportation.

{¶ 15} "The Sixth Amendment to the United States Constitution guarantees a defendant the effective assistance of counsel at '"critical stages of a criminal proceeding," including when he enters a guilty plea.'" *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 14, quoting *Lee v. United States*, ___U.S.___, 137 S.Ct. 1958, 1964, 198 L.Ed.2d 476 (2017), quoting *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 16} A plea is involuntary if it is the result of ineffective assistance of counsel. *State v. Bailey*, 8th Dist. Cuyahoga No. 107216, 2019-Ohio-1242, ¶ 11, citing *State v. Banks*, 9th Dist. Lorain No. 01CA007958, 2002-Ohio-4858, ¶ 16. To prevail on this claim, Nikolic must meet the test for ineffective assistance of counsel. *State v. Xie*, 62 Ohio St.3d 512, 524, 584 N.E.2d 715 (1992). This requires a convicted defendant to prove two things — counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The claim fails if the defendant cannot satisfy either prong of the test. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶ 17} The United States Supreme Court has held that when counsel's noncitizen client is considering a plea, "counsel must inform her client whether his plea carries a risk of deportation." *Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S.Ct.

1473, 176 L.Ed.2d 284 (2010). Given the severe consequences of deportation, an ineffective-assistance claim is not limited to affirmative misadvice or false information. *Id.* at 369-371. The failure to give any advice at all about possible deportation consequences satisfies the first prong of *Strickland*. *Id.* "The severity of deportation * * * only underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation." *Id.* at 373-374.

{¶ 18} In this case, Nikolic contends that his counsel was ineffective for not advising him that pleading guilty to attempted abduction and domestic violence would subject him to mandatory deportation.

{¶ 19} R.C. 2943.031(A) requires the trial court to provide the following advisement prior to accepting a defendant's guilty or no-contest plea to a felony or misdemeanor other than a minor misdemeanor:

> If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

There is no dispute that the trial court complied with the mandatory notification requirements. *See* tr. 25. The Ohio Supreme Court has stated, however, that "the trial court's advisement under R.C. 2943.031(A) does not cure an attorney's failure to advise his client of the immigration consequences of a guilty plea," as *Padilla* instructs. *Romero* at ¶ 19-20. "'Warnings from a judge during a plea colloquy are not a substitute for effective assistance of counsel, and therefore have no bearing on

the first *Strickland* prong.'" *Id.*, quoting *United States v. Kayode*, 777 F.3d 719, 728 (5th Cir.2014).

{¶ 20} During the plea colloquy, counsel stated:

> I might also add that he's a green card holder, and I have a Supreme Court case that says that that [sic] lawyer has to notify him. I know you do, too.

> But I notified you [Nikolic] about the possible deportation. Remember we talked about that? Didn't we talk about that?

(Tr. 18.) Nikolic responded, "Yes." (Tr. 19.)

{¶ 21} Later in the colloquy after the trial court gave Nikolic the R.C. 2943.031(A) advisement, the following conversation occurred:

> [Nikolic]: I do have a green card since approval back in [19]75.

> The Court: Okay. Did you understand what I read to you?

> [Nikolic]: That I may not be extendable.

> The Court: Right, that you might be deported. You could be excluded from admission, or denied naturalization.

> [Nikolic]: Deported. What do you mean, when, now?

> The Court: No. It could happen. It's up to the immigration officials, not up to me.

> [Defense Counsel]: It might not happen.

> [Nikolic]: I'm sorry.

> [Defense Counsel]: It might not happen.

> [Nikolic]: It might not happen?

> The Court: Do you understand?

> [Nikolic]: Yes.

(Tr. 25-26.)  Thereafter, the trial court continued with the plea colloquy, including a complete advisement of Nikolic's Crim.R. 11 rights.  Nikolic said he understood his rights and the punishments involved, that he was satisfied with his attorney, and that he did not wish to go to trial.

{¶ 22} Despite counsel's assertions that "it might not happen," Nikolic is subject to mandatory deportation.  He pleaded guilty to domestic violence, a first-degree misdemeanor.  Pursuant to 8 U.S.C. 1227(a)(2)(E)(i), a person convicted of domestic violence is deportable, i.e. subject to mandatory deportation.

{¶ 23} Nikolic also pleaded guilty to attempted abduction, a felony of the fourth degree, punishable by up to 18 months in prison.  Pursuant to 8 U.S.C. 1227(a)(2)(A)(iii), the offense of attempted abduction is a deportable offense because it is an aggravated felony under the statutory definition of the offense.  Under 8 U.S.C. 1101(a)(43)(F), aggravated felonies include:  "a crime of violence (as defined in section l6 of title 18, but not including a purely political offense) for which the term of imprisonment is at least one year."  In turn, "crime of violence" is defined as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  l8 U.S.C. l6(a).

{¶ 24} R.C. 2905.02, regarding abduction, states that:

(A) No person, without privilege to do so, shall knowingly do any of the following:

(1) By force or threat, remove another from the place where the other person is found;

(2) By force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear.

{¶ 25} Accordingly, abduction qualifies as a crime of violence because it includes the use of force. Nikolic's conviction for attempted abduction does not change the deportability status because a crime of violence includes the attempted use of force. Additionally, attempted abduction is a felony of the fourth degree, making it punishable by up to 18 months in prison. R.C. 2929.14(A)(4). Therefore, attempted abduction is an aggravated felony under 8 U.S.C. 1101(a)(43)(F), and pleading to that offense subjects Nikolic to mandatory deportation.

{¶ 26} Additionally, as applicable to Nikolic, attempted abduction is a deportable offense when it is a crime of violence against a family or household member. *See* 8 U.S.C. 1227(a)(2)(E) (crime of domestic violence includes any crime of violence against a family or household member).

{¶ 27} Under the facts and circumstances of this case, Nikolic is subject to mandatory deportation, and his green card status is subject to revocation. The record is unclear, however, regarding the precise nature of the prehearing conversation between counsel and Nikolic regarding deportation; it only provides that Nikolic and counsel "talked about that" (tr. 18.) and that "it might not happen." (Tr. 25-26). However, based on the dialogue between counsel and Nikolic during the plea hearing, it appears that counsel may not have fully advised Nikolic about the mandatory deportation consequence he faced. Much like in *Padilla*, where the deportation consequence was clear just from reading the removal statute, it was

easily determined that Nikolic's deportation was presumptively mandatory. *See Padilla* 559 U.S. at 368-369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (it is not hard to find deficiency when the consequences of a plea are easily determined from reading the removal statute).

{¶ 28} Accordingly, based on the record before this court, we find that counsel was deficient in his performance by failing to advise Nikolic of the mandatory nature of deportation. The first prong of *Strickland* is satisfied.

{¶ 29} Under the second prong of *Strickland,* Nikolic must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. 366, 88 L.Ed.2d 203. In assessing whether it would be rational for a defendant to go to trial instead of pleading guilty, the court should consider the totality of circumstances. *Romero* at ¶ 29, citing *Lee*, __U.S.__, 137 S.Ct. 1958, 1964, 1966, 198 L.Ed.2d 476. Some of the relevant factors to consider include, but are not limited to, (1) the consequences of going to trial; (2) the importance that the defendant placed on avoiding deportation; (3) the defendant's connections to the United States; and (4) judicial advisement of immigrations consequences. *Romero* at ¶ 30-33, citing *Lee* at 1965-1968.

{¶ 30} In this case, the record is silent, and Nikolic fails to explain that the consequences of deportation would have altered his decision to accept the plea bargain offered by the state and plead guilty to these offenses. Although Nikolic has been in the United States since 1975 and has some familial connection here, the

victim in this case is his mother, with whom he is ordered to have no contact. Accordingly, we find that Nikolic's blanket statements on appeal that he would not have pleaded guilty but for counsel's deficiencies is merely a "'post hoc assertion'" that is insufficient to demonstrate prejudice *See Romero* at ¶ 28, quoting *Lee* at 1967. Moreover, Nikolic concedes that the trial court fully complied with the judicial advisement regarding deportation as required pursuant to R.C. 2943.031.

{¶ 31} Finally, the record is silent as to whether Nikolic is currently subject to deportation proceedings. In fact, he has not filed any motion in the trial court to withdraw his plea on the basis that deportation proceedings have commenced. Based on the record before this court, Nikolic has not demonstrated that he was prejudiced by counsel's deficiency such that he would not have pleaded guilty had he known that he was subject to mandatory deportation based on his convictions.

{¶ 32} The assignment of error is overruled.

{¶ 33} Judgment affirmed. The trial court is ordered to enter a corrected journal entry, nunc pro tunc, to reflect that five years of community control was ordered on each count.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to

the trial court to enter a corrected journal entry, nunc pro tunc, and for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, A.J., and
LARRY A. JONES, SR., J., CONCUR