[Cite as *Deutsche Bank Natl. Trust Co. v. Talliere*, 2023-Ohio-75.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE,  :

    Plaintiff-Appellee,  :

                           No. 111520

    v.  :

KATHLEEN TALLIERE, ET AL.,  :

    Defendants-Appellants.  :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 12, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-917195

***Appearances:***

Dinsmore & Shohl LLP, Shannon O'Connell Egan, and
Nathan H. Blaske, *for appellee.*

Law Office of William C. Behrens and William C. Behrens,
*for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Kathleen Talliere ("Talliere"), appeals the trial court's judgment granting foreclosure in favor of plaintiff-appellee, Duetsche Bank National Trust Company, as Trustee for the Certificateholders of the Soundview

Home Loan Trust 2005-DO1 Asset Backed Certificates, Series 2005-DO1 ("DBNTC"). For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} This in rem foreclosure case stems from a February 1, 2005 mortgage loan made by Intervale Mortgage Corporation to Talliere, in the original principal amount of $167,450. The loan is evidenced by an Adjustable Rate Note ("Note") and a Mortgage ("Mortgage"), and is secured by the property known as 13700 Delaware Drive, Middleburg Heights, OH 44130 ("property"). DBNTC alleges that the Mortgage and Note were assigned to it and Talliere did not pay the Note. DBNTC further alleges that there was a break in the chain of assignments because of a mistake. The assignment was mistakenly recorded in the name of Duetsche Bank National Trust Company in Trust for the Benefit of the Certificate Holders Financial Asset Securities Corp. Soundview Home Loan Trust 2005-DO1 Asset Backed Certificates, Series 2005-DO1, M/A – FTW-35.

{¶ 3} Because Talliere's personal obligations were previously discharged in bankruptcy court, DBNTC did not seek personal judgment against Talliere.[1] Instead, DBNTC sought a declaration that it is the owner and holder of the Mortgage and Note and is owed $161,339.14 with interest at the rate of 6.89% per annum from May 22, 2009.

---

[1] We note that "a bankruptcy discharge extinguishes only one mode of enforcing a claim — namely, an action against the debtor *in personam* — while leaving intact another — namely, an action against the debtor *in rem*." (Emphasis sic.) *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)

**{¶ 4}** In response, Talliere filed an answer and counterclaim against DBNTC alleging that DBNTC does not have a valid interest in the Mortgage or Note and is attempting to collect a debt it does not own. Talliere alleges that the Mortgage was assigned to DBNTC more than ten years after the date of the alleged default in May 2009. Talliere further alleges that DBNTC violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692, for attempting to collect a debt that it does not own.

**{¶ 5}** In August 2021, DBNTC sought summary judgment on its claims, as well as Talliere's counterclaims. DBNTC argued that it is the assignee of the Mortgage and it had constructive possession of the Note before its June 2019 foreclosure complaint was filed. In support of its motion, DBNTC relied on the affidavit of Jean Knowles ("Knowles"), an authorized representative for NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Shellpoint services the mortgage loan for DBNTC. Knowles averred that "DBNTC is the owner of the Mortgage Loan, and it has been in constructive possession of the original Note since prior to the filing of the Complaint in this action." (DBNTC's motion for summary judgment, Knowles affidavit, ¶ 7.) Knowles further averred:

> For purposes of this action, and in its capacity as agent and servicer of the Mortgage Loan for DBNTC, Shellpoint obtained the original Note from the document custodian, Bank of America, N.A., on or about July 30, 2019. On July 30, 2019, Shellpoint sent the original Note to its counsel, Keith D. Weiner & Associates.
>
> * * *
>
> The Mortgage was mistakenly assigned to Deutsche Bank National Trust Company In Trust For The Benefit Of The Certificate Holders Financial Asset Securities Corp. Soundview Home Loan Trust 2005-D01 Asset-Backed Certificates, Series 2005-D01, and then to Deutsche

Bank National Trust Company, As Trustee, In Trust For Registered Holders Of Soundview Home Loan Trust 2005-D01, Asset-Backed Certificates, Series 2005-D01. The mortgage was then assigned by corrective assignment to DBNTC.

* * *

The Payment History shows that the Loan is in default under the terms of the Note and Mortgage due to a payment default.

* * *

Attached * * * are true and accurate copies of the notices that were sent to Talliere regarding the default.

Because of the default, DBNTC elected to call the entire balance of said account due and payable. The Payment History shows that there is due on said account the sum of $161,339.14, plus interest at the rate of 6.890% per annum from May 22, 2009, and at such interest rate as may change from time to time pursuant to the terms of said note, plus late charges, advances for taxes and insurance, and all other expenditures recoverable under the Note and Mortgage and/or Ohio law. The default has not been cured.

Attached * * * is a true and accurate copy of a letter that was sent to Talliere regarding the servicing transfer.

(DBNTC's motion for summary judgment, Knowles affidavit, ¶ 8, 10-14.)

{¶ 6} In March 2022, the magistrate issued her decision, finding in DBNTC's favor on both DBNTC's in rem foreclosure claim and Talliere's counterclaims. The magistrate found that: (1) DBNTC had standing and was the holder of the Note, which had a blank endorsement at the time the case was filed; (2) DBNTC presented evidence of the chain of assignments from the original mortgagee, MERS Inc., to DBNTC; (3) DBNTC submitted a loan history summary and an affidavit attesting to the amount due under the loan; and (4) Talliere failed to address DBNTC's motion for summary judgment on her counterclaims.

{¶ 7} Talliere objected to the magistrate's decision and DBNTC opposed Talliere's objections. The court overruled Talliere's objections and adopted the magistrate's decision finding that there is no genuine issue of material fact and DBNTC is entitled to judgment and a foreclosure decree as a matter of law. The court further found that Talliere's counterclaims fail as a matter of law and should be dismissed.

{¶ 8} Talliere now appeals, raising the following single assignment of error for review:

> **Assignment of Error:** The trial court erred by accepting the inference without evidence that [DBNTC] had constructive possession of the note on the day the complaint was filed.

## II. Law and Analysis

### A. Standard of Review

#### 1. Summary Judgment

{¶ 9} An appellate court reviews the grant or denial of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). In a de novo review, this court affords no deference to the trial court's decision and independently reviews the record to determine whether the denial of summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.).

{¶ 10} Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one

conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Id.*, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St. 3d 217, 631 N.E.2d 150 (1994).

{¶ 11} The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The moving party has the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Id.* After the moving party has satisfied this initial burden, the nonmoving party has a reciprocal duty to set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue of material fact. *Id.*

### 2. Foreclosure Action

{¶ 12} Talliere requests that this court clarify the proper evidentiary standard for this in rem foreclosure action because the trial court did not address her argument. She contends that because a foreclosure action is an equitable remedy, a clear-and-convincing-evidence standard is required. Whereas, DBNTC argues that the preponderance-of-the-evidence standard applies.

{¶ 13} We find DBNTC's argument more persuasive and note that Talliere fails to cite to any authority that would have compelled the trial court to deviate from the typical preponderance-of-the-evidence standard in civil matters. Instead, she

relies on cases for the general proposition that a heightened standard applies in equitable actions.

{¶ 14} In a typical civil case, "'the degree of proof, or the quality of persuasion, as some text-writers characterize it, is a mere preponderance of the evidence.'" *CitiMortgage, Inc. v. Elrod*, 11th Dist. Portage No. 2017-P-0022, 2017-Ohio-8442, ¶ 14, *discretionary appeal not allowed*, 152 Ohio St.3d 1445, 2018-Ohio-1600, 96 N.E.3d 300 (foreclosure action where homeowner challenged the evidence presented at a bench trial), quoting *Merrick v. Ditzler*, 91 Ohio St. 256, 260, 110 N.E. 493 (1915), citing *Cincinnati, Hamilton & Dayton Ry. Co. v. Frye*, 80 Ohio St. 289, 88 N.E. 642 (1909), syllabus.

{¶ 15} We recognize, however, that the clear-and-convincing-evidence standard has been found to apply in foreclosure cases that include: (1) allegations of fraud (*Bank of New York v. Stilwell*, 5th Dist. Fairfield No. 12 CA 3, 2012-Ohio-4123, ¶ 29, where mortgagor's allegations that mortgagee's agents had misrepresented to her that she did not have to be concerned with the foreclosure action due to the ongoing loan modification negotiations failed to establish fraud by clear and convincing evidence, as required to entitle mortgagor to relief from default judgment in foreclosure action); (2) mutual mistake (*Wilmington Sav. Fund Soc., FSB v. West*, 5th Dist. Fairfield No. 18CA20, 2019-Ohio-1249, ¶ 50, citing *Huber v. Knock*, 1st Dist. Hamilton No. C-080071, 2008-Ohio-5900, ¶ 6, as quoted in *Huntington Natl. Bank v. Betteley*, 2015-Ohio-5067, 53 N.E.3d 860, ¶ 24 (11th Dist.), "'The party wishing to reform the [agreement] must demonstrate the "mutual

mistake" by clear and convincing evidence. Clear and convincing evidence is the degree of proof necessary "to produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.""""); (3) the appointment of a receiver (*U.S. Bank Natl. Assn. v. Minnillo*, 8th Dist. Cuyahoga No. 98593, 2012-Ohio-5188, ¶ 12, citing *Malloy v. Malloy Color Lab, Inc.*, 63 Ohio App.3d 434, 437, 579 N.E.2d 248 (10th Dist.1989), "The appointment of a receiver is an extraordinary remedy. Therefore, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights."); and (4) setting aside a foreclosure sale based on a faulty appraisal (*FirstMerit Bank, N.A. v. Ashland Lakes, LLC*, 5th Dist. Ashland No. 11-COA-017, 2012-Ohio-549, ¶ 25, citing *Conseco Fin. Servicing Corp. v. Taylor*, 5th Ashland No. 01 COA 1442, 2002-Ohio-2504, "To set aside an appraisement, a movant must demonstrate by clear and convincing evidence not only that the appraisement was in error, but also that the movant was prejudiced thereby."). These circumstances do not apply to the matter before us, and therefore, do not compel the higher evidentiary standard.

## B. Constructive Possession of the Note

{¶ 16} As an initial matter, we note that Talliere does not dispute that she defaulted on her loan payments. Rather, Talliere's argument focuses on the trial court's finding that DBNTC had constructive notice of the Note and had standing when the complaint was filed on June 24, 2019. Talliere contends that the trial court erred because the evidence demonstrates that Shellpoint obtained possession of the

original Note from Bank of America on July 30, 2019, which was more than a month after this action was filed and that Knowles made the unsupported legal conclusion that Bank of America was a "document custodian," but attached no documentation to support that statement. Talliere maintains that without possession of the Note, DBNTC was not entitled to enforce the Note at the time that the complaint was filed and lacked standing to file the complaint.

{¶ 17} In support of her argument, Talliere relies on *Kemp v. Countrywide Home Loans, Inc. (In re Kemp)*, 440 B.R. 624 (Bankr.D.N.J.2010) — a case from the United States Bankruptcy Court for the District of New Jersey. Talliere's reliance on this case, however, is misplaced. *Kemp* is distinguishable. In *Kemp*, the court found that the bank lacked authority to enforce the note because the bank did not have, and never had, possession of the note, and the note lacked proper endorsement. *Id.* at 630-631. Whereas in the instant case, the evidence in the record demonstrates that DBNTC was in possession of the Note and it contains a blank endorsement.

{¶ 18} To decide the question of standing, we must determine whether DBNTC was the holder of the Note Talliere executed. Standing is "'[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27, quoting *Black's Law Dictionary* 1442 (8th Ed.2004). "To have standing, a plaintiff must have 'a personal stake in the outcome of the controversy and have suffered some concrete injury that is capable of resolution by the court.'"

*MorEquity, Inc. v. Gombita*, 2018-Ohio-4860, 125 N.E.3d 300, ¶ 32 (8th Dist.), quoting *Bank of Am., N.A. v. Adams*, 8th Dist. Cuyahoga No. 101056, 2015-Ohio-675, ¶ 7, citing *Tate v. Garfield Hts.*, 8th Dist. Cuyahoga No. 99099, 2013-Ohio-2204, ¶ 12, and *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986).

{¶ 19} To have standing in a foreclosure action, the plaintiff must be the "hold[er of] the note and have an interest in the mortgage when the foreclosure complaint is filed." *MorEquity* at ¶ 33 (8th Dist.), citing *Fannie Mae v. Hicks*, 2016-Ohio-8484, 77 N.E.3d 380, ¶ 4, fn. 2 (8th Dist.), citing *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 27; *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 56; *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. Cuyahoga No. 91675, 2009-Ohio-1092, ¶ 23; *see also Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. The real party in interest in a foreclosure action is the current holder of the note and mortgage. *Id.*, citing *Deutsche Bank Natl. Trust Co. v. Greene*, 6th Dist. Erie No. E-10-006, 2011-Ohio-1976, ¶ 13.

{¶ 20} "A note secured by a mortgage is a negotiable instrument that is governed by R.C. Chapter 1303." *Id.* at ¶ 34, citing *Wells Fargo Bank, N.A. v. Carver*, 2016-Ohio-589, 60 N.E.3d 473, ¶ 14 (8th Dist.). R.C. 1303.31(A)(1) entitles the holder of an instrument to enforce the instrument. A "holder" is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.C. 1301.201(B)(21)(a).

When an instrument is endorsed in blank, it becomes payable to the bearer and may be negotiated by transfer of possession alone. R.C. 1303.25(B). Therefore, "the person in possession of an instrument endorsed in blank is the 'holder' of the instrument, and as such, is a 'person entitled to enforce' the instrument." *MorEquity, Inc.* at ¶ 35, quoting R.C. 1301.201(B)(21).

{¶ 21} "Constructive possession exists when an agent of the owner holds the note on behalf of the owner." *United States Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 25, citing *Midfirst Bank, SSB v. C.W. Haynes & Co., Inc.*, 893 F.Supp. 1304, 1314 (D.S.C.1994), *aff'd*, 87 F.3d 1308 (4th Cir.1996); *Bankers Trust (Delaware) v. 236 Beltway Invest.*, 865 F.Supp. 1186, 1195 (E.D.Va.1994). "Consequently, a person is a holder of a negotiable instrument, and entitled to enforce the instrument, when the instrument is in the physical possession of his or her agent." *Id.*, citing 1A Lawrence, *Anderson on the Uniform Commercial Code*, Section 1-201:265 (3d Ed.); *In re Phillips*, 491 B.R. 255, 262-64 (Bankr.D.Nev.2013) (servicing agent's possession of the note meant that the principal was the holder); *In re Moehring*, 485 B.R. 571, 576-577 (Bankr.S.D.Ohio 2013) (trustee was holder of and could enforce the note possessed by its servicing agent). In *Bank of Am. N.A. v. Farris*, 2015-Ohio-4980, 50 N.E.3d 1043 (8th Dist.), this court found that a bank has constructive possession of the note and mortgage and has standing to bring an action in foreclosure in situations where the servicer, on behalf of the bank, is in physical possession of the note and mortgage. *Id.* at ¶ 22, citing *Wells Fargo Bank, N.A. v. Odita*, 10th Dist. Franklin No. 13AP-663, 2014-

Ohio-2540; *Freedom Mtge. Corp. v. Vitale*, 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014-Ohio-1549; *Gray* at ¶ 25-30; *U.S. Bank, N.A. v. Zokle*, 6th Dist. Erie No. E-13-033, 2014-Ohio-636.

{¶ 22} In the instant case, Knowles averred that DBNTC is the owner of the Mortgage and has been in constructive possession of the original Note since prior to the filing of the complaint. (Knowles affidavit ¶ 7.) Knowles further averred that Bank of America had possession of the Note and was DBNTC's document custodian. (Knowles affidavit ¶ 8.) In addition, DBNTC presented evidence of a bailee letter demonstrating that Bank of America was DBNTC's document custodian. Moreover, other than Talliere's allegations, she presented no evidence that Bank of America is not the custodian.[2]

{¶ 23} DBNTC also presented evidence that the Note had a blank endorsement at the time the complaint was filed. *See Deutsche Bank Natl. Trust Co. v. Baxter*, 2017-Ohio-1364, 89 N.E.3d 91 (8th Dist.) (where this court found the bank established that it was the holder of the note at the time the complaint was filed when, among other things, it was in possession of the blank-endorsed note, which was attached to the servicing agent's affidavit, coupled with the servicing agent's statement that the bank had possession of the note. *Id*. at ¶ 15.). Here, DBNTC included a copy of the Note with both the complaint and Knowles's affidavit and

---

[2] Talliere further argues that an allonge that was included in her bankruptcy case disappeared from the exhibits for this case. While the missing allonge is curious, it does not discharge Talliere of her obligations under the Note. *Bank of Am., N.A. v. Sweeney*, 8th Dist. Cuyahoga No. 100154, 2014-Ohio-1241, ¶ 22.

produced the original Note in discovery. There is no dispute that the Note contains a blank endorsement. Therefore, based on the foregoing, we find that because the Note contained a blank endorsement and Bank of America had possession of the Note as DBNTC's document custodian, DBNTC had standing to bring this action by constructively possessing the Note at the time the complaint was filed.

{¶ 24} Accordingly, the sole assignment of error is overruled.

## III. Conclusion

{¶ 25} DBNTC is entitled to summary judgment as a matter of law. No genuine issue of any material fact remains and reasonable minds can come to but one conclusion that DBNTC had standing to bring this action and is entitled to a foreclosure decree.

{¶ 26} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR