[Cite as *Huntington Natl. Bank v. Blue*, 2023-Ohio-3881.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

THE HUNTINGTON NATIONAL
BANK,

       Plaintiff-Appellee,

       v.

No. 112535

MARIO D. BLUE,

       Defendant-Appellant.

:        :        :        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 26, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-923193

---

### *Appearances:*

Weltman Weinberg & Reis Co., L.P.A., and Larry R. Rothenberg, *for appellee.*

Mario D. Blue, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Mario D. Blue, pro se, appeals from the trial court's March 20, 2023 judgment in which the trial court (1) adopted the January 20, 2022 magistrate's decision; (2) overruled Blue's objection to the January 19, 2022 magistrate's order granting Huntington's motion to quash subpoena; (3) denied Blue's January 24, 2022 motion for contempt of court and motion to dismiss; and (4) denied Blue's February 14, 2022 motion to dismiss. After a thorough review of the facts and pertinent law, we affirm.

**Procedural History**

{¶ 2} In October 2019, plaintiff-appellee, The Huntington National Bank ("Huntington" or the "bank"), filed this foreclosure action in the trial court based on a promissory note and mortgage executed by Blue. The bank alleged that Blue was in default due to nonpayment. A foreclosure magistrate was assigned to the case. Within days of the case being filed, Blue, who acted pro se throughout the trial court proceeding, filed an "objection to complaint [and] demand for dismissal," which the trial court deemed as an answer.

{¶ 3} On February 19, 2020, Huntington filed a motion for summary judgment. The motion was supported by documentation including: (1) the affidavit of an authorized representative of Huntington; (2) merger documents showing the transfer of assets from FirstMerit Bank to Huntington; (3) the subject note and mortgage; (4) the bank's notice to Blue of its intent to accelerate the loan and

foreclose on the property; and (5) the bank's customer activity account statement for Blue's loan.

{¶ 4} In August 2021, Blue filed a motion to compel discovery; he had not previously requested discovery, however. In September 2021, the magistrate denied the motion to compel. Blue filed another motion to compel discovery without having first requested discovery; that motion was also denied.

{¶ 5} In early October 2021, Blue filed a motion to dismiss that the trial court deemed as a motion to set aside the magistrate's order denying his second motion to compel discovery; the trial court denied Blue's motion. In mid-October 2021, Blue filed another motion to dismiss.

{¶ 6} In December 2021, Blue issued a subpoena to the bank seeking it to file the original promissory note with the clerk of courts. Huntington filed a motion to quash the subpoena. On January 19, 2022, the magistrate entered an order granting the bank's motion to quash the subpoena. The magistrate noted that Huntington had made the original of the promissory note available for inspection by Blue, but Blue failed to avail himself of the opportunity to inspect it. The magistrate further noted that there is no requirement under Ohio law that the original promissory note must be filed with the clerk of courts.

{¶ 7} On January 20, 2022, the magistrate issued a magistrate's decision granting Huntington's motion for summary judgment. Thereafter, Blue made several filings: (1) an "objection to magistrate order, motion for contempt of court"; (2) an "objection to magistrate decision, motion to dismiss"; (3) a "response to

magistrate decision"; (4) three other motions to dismiss; and (5) without seeking leave of court, a counterclaim.

**{¶ 8}** On March 20, 2023, the trial court overruled Blue's motions and adopted the January 20, 2022 magistrate's decision. Blue appeals, raising the following assignment of error for our review:

> I. Appell[ee's] alleged Order of Sheriff Sale was in violation of the Appellant[']s Due Process under the 5th and 14th [A]mendment[s] of the United States Constitution, as well as 28 USC 1691. Trial court also erred for allowing the case to move forward without proving standing to the court during trial.

**Law and Analysis**

**{¶ 9}** Blue makes a number of contentions within his assigned error. He first contends that the trial court denied him due process by failing to consider his counterclaim and his motions for discovery.

**{¶ 10}** This action was filed in October 2019, and Blue timely filed what was deemed as an answer. In January 2022, Blue filed a counterclaim without seeking leave of court. "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he [or she] may *by leave of court* set up the counterclaim by amendment." (Emphasis added). Civ.R. 13(F). A supplemental pleading filed without leave of court "is not properly before the court and should be ignored." *Widder & Widder v. Kutnick*, 113 Ohio App.3d 616, 623, 681 N.E.2d 977 (8th Dist.1996), citing *Rayl v. E. Ohio Gas Co.*, 46 Ohio App.2d 167, 179, 348 N.E.2d 385 (9th Dist.1973). Because Blue filed his

counterclaim late in the proceeding without leave of court, the trial court properly ignored it.

{¶ 11} In regard to Blue's contention regarding discovery, he filed motions to compel the bank to respond to discovery without having first propounded discovery on the bank. *See* Civ.R. 26 through 36 for provisions for serving interrogatories, taking depositions, and making requests for production of documents; and Civ.R. 37 for provisions for a party's failure to respond to discovery, including motions to compel. Because Blue did not follow the appropriate course to obtain discovery from Huntington, there was no ground for the trial court to grant his motions to compel.

{¶ 12} Blue also challenges the validity of the order of sale issued by the clerk of courts to the sheriff. The order was issued after Blue filed his notice of appeal. App.R. 3 governs appeals "as of right" and provides in part that the notice of appeal "shall designate the judgment, order or part thereof appealed from." App.R. 3(D). The purpose of App.R. 3(D) is "'to notify potential appellees of an appeal and advise them as to what orders the appellant is appealing from.'" *Armbruster v. Hampton*, 9th Dist. Lorain No. 05CA008716, 2006-Ohio-4530, ¶ 15, quoting *State v. Dixon*, 9th Dist. Summit No. 21463, 2004-Ohio-1593, ¶ 7. Thus, "[i]t is axiomatic that an appellee would not be advised that an appellant is appealing from an order issued in the trial court after the filing of the notice of appeal unless the appellant has taken steps to amend the notice of appeal pursuant to App.R. 3(F)." *Armbruster* at *id*. Blue did not amend his notice of appeal to include the order of sale.

{¶ 13} Regardless of Blue's failure to amend his notice of appeal (which is not a jurisdictional bar to our review of the order of sale),[1] we are not persuaded by Blue's alleged irregularity with the order. Blue contends that the order of sale was improper because it did not contain the clerk of courts seal pursuant to 28 U.S.C. 1691. Blue's citation to that federal statute is misplaced — this foreclosure action was brought in state court, not federal court, and that statute, a federal statute, did not apply to it nor has Ohio adopted a similar statutory requirement. Moreover, any alleged irregularity or impropriety with the order of sale is moot. Specifically, the docket reflects that on April 26, 2023, the trial court ordered the sheriff to recall the order of sale without execution.

{¶ 14} We next consider the trial court's decision to grant summary judgment in favor of Huntington. Summary judgment, according to Civ.R. 56, is appropriate only when there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and the evidence is such that reasonable minds can come to only one conclusion when viewing the evidence in a light most strongly in favor of the nonmoving party and that conclusion is adverse to the non-moving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). This court normally reviews summary judgment de novo, or without

---

[1] *See Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 322, 649 N.E.2d 1229 (1995) ("Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion.").

deference to the trial court's decision. *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997).

{¶ 15} The documentation submitted in support of the bank's motion for summary judgment established that it was the successor by merger to FirstMerit Bank, N.A., and to FirstMerit Mortgage Corporation. Further, the affidavit from Huntington's representative established that the bank is the holder of a promissory note executed by Blue and a mortgage securing the promissory note, that Blue defaulted on the payment terms of the promissory note and the mortgage, that the bank accelerated the balance due and owing, and that the principal balance is $100,612.47, with interest accruing thereon at 4.25% per annum from March 1, 2019.

{¶ 16} It is well-settled in Ohio that the party opposing a motion for summary judgment may not simply rest upon the allegations of his or her pleadings but must come forward with affirmative evidence demonstrating a material issue of fact. *Paul v. Uniroyal Plastics Co.*, 62 Ohio App.3d 277, 282, 575 N.E.2d 484 (6th Dist.1988), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91, 106 S.Ct. 2548, L.Ed.2d 265 (1986). "A motion for summary judgment forces the non-moving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 111, 570 N.E.2d 1095 (1991); *see also Hubbard v. Laurelwood Hosp.*, 85 Ohio App.3d 607, 611, 620 N.E.2d 895 (11th Dist.1993).

{¶ 17} Blue did not come forward with affirmative evidence demonstrating that there is a genuine issue of material fact. As such, the trial court properly granted summary judgment in favor of Huntington.

{¶ 18} We are not persuaded by Blue's contention that he was denied the right to discovery. Although he filed numerous motions to compel discovery, the record demonstrates that he did not utilize the Ohio Rules of Civil Procedure in the appropriate manner to obtain discovery. For example, one of the items Blue apparently sought was the original promissory note. Despite his lack of a proper request for the note, the bank maintains that "through its counsel [it] delivered a letter to Mr. Blue agreeing to make the original promissory note available for inspection at 9:00 a.m. on October 26, 2021[,] at plaintiff's counsel's office." According to the bank, Blue failed to appear, despite acknowledging on the record that he received the letter.

{¶ 19} The record reflects that on December 15, 2021, Blue issued a subpoena to Huntington commanding it to produce the original note at 10:00 a.m. on December 29, 2021[,] at the "Justice Center-Court Tower, Clerks Office." The subpoena further commanded Huntington to file the original note. The bank filed a motion to quash the subpoena, which the trial court granted.

{¶ 20} A foreclosing bank is not required to present the original documents to the trial court; a trial court can rely on copies of a note and mortgage in ruling on a motion for summary judgment in a foreclosure case. *See U.S. Bank Natl. Assn. v. Higgins*, 2d Dist. Montgomery No. 24963, 2012-Ohio-4086, ¶ 18;

*CitiMortgage, Inc. v. Draper*, 2d Dist. Clark No. 2012 CA 78, 2013-Ohio-2927, ¶ 20. As such, we find that the trial court properly granted the bank's motion to quash and that Blue was not denied his right to discovery.

{¶ 21} Finally, we consider Blue's contention that Huntington lacked standing and find it to be without merit. A party commencing litigation must have standing to sue in order to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 38. To have standing, a plaintiff must have "a personal stake in the outcome of the controversy and have suffered some concrete injury that is capable of resolution by the court." *Bank of Am., N.A. v. Adams*, 8th Dist. Cuyahoga No. 101056, 2015-Ohio-675, ¶ 7, citing *Tate v. Garfield Hts.*, 8th Dist. Cuyahoga No. 99099, 2013-Ohio-2204, ¶ 12, and *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986). Because it is required to invoke the jurisdiction of the common pleas court, standing to sue "'is to be determined as of the commencement of suit,'" *Schwartzwald* at ¶ 24, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5, and "'depends on the state of things at the time of the action brought,'" *Schwartzwald* at ¶ 25, quoting *Mollan v. Torrance*, 22 U.S. 537, 539, 6 L.Ed. 154 (1824). If a plaintiff lacks standing at the time the foreclosure complaint is filed, the case must be dismissed; it cannot be cured through an assignment or other transfer prior to judgment. *Schwartzwald* at ¶ 39-40.

{¶ 22} In this case, Huntington presented evidence that, as of the time it filed its complaint, it was both entitled to enforce the note and was the current assignee of the mortgage. This was sufficient to establish standing on its foreclosure claim. *See Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 2-3, 30-33, 35.

{¶ 23} In light of the above, Blue's sole assignment of error is without merit and hereby overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR