[Cite as *JPMorgan Chase Bank, N.A. v. Yoo*, 2025-Ohio-5519.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JPMORGAN CHASE BANK, N.A.,    :

    Plaintiff-Appellee,    :

        No. 114993

v.    :

JEASUNG J. YOO,    :

    Defendant-Appellant.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 11, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-994293

---

***Appearances:***

Stenger & Stenger, P.C., Joseph M. Jammal, Anthony J. Huspaska, and David B. Bokor, *for appellee*.

Jeasung Jay Yoo, *pro se*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Pro se defendant-appellant Jeasung Jay Yoo ("appellant") appeals the trial court's grant of summary judgment in favor of plaintiff-appellee JPMorgan Chase Bank, N.A. ("appellee"). Finding no merit to the appeal, we affirm.

**Procedural History and Facts**

{¶ 2} In March 2024, appellee filed a complaint in Cuyahoga County Common Pleas Court alleging that appellant had failed to make payments on his credit card, issued by appellee. The complaint alleged that appellant's last payment was in March 2023, and the account was charged off in June 2023. At the time of charge-off, appellant had a past due balance of $17,335.85.

{¶ 3} Appellant engaged in prolific motion practice, filing dozens of pleadings, notices, affidavits, and motions during the pendency of the case. Appellant filed an answer and counterclaim and was subsequently granted leave by the court to amend his answer and counterclaim. Appellee moved to dismiss the counterclaim. In December 2024, the court granted appellee's motion to dismiss appellant's counterclaim. Appellant filed a motion for reconsideration, which the trial court denied. Appellant filed a motion to dismiss the complaint alleging that the court lacked jurisdiction, which the court also denied.

{¶ 4} Both parties filed motions for summary judgment. As to the merits of its claim, appellee presented the affidavit of Elaine Reyes, an authorized signing officer for appellee. Reyes averred that appellee's business records reflected that appellant opened a credit card account on March 24, 2017. Appellee mailed appellant a credit card along with a copy of the cardmember agreement. Reyes attested that the records show that appellant used the credit card to pay for various goods and services. Appellee provided appellant periodic billing statements for the account, which described the charges, interest, fees, payments, credits, and the

amount due on the account. Reyes further stated that there were no unresolved billing disputes regarding the account and the balance due and owing was $17,335.85.

{¶ 5} Attached to Reyes's affidavit was a copy of the last periodic billing statement and the most recent billing statement. The statements showed that the last payment was on March 30, 2023, in the amount of $1,665, and the account had an outstanding balance of $17,335.85.

{¶ 6} Upon consideration, the trial court granted summary judgment in favor of appellee.

**Assignments of Error**

{¶ 7} Appellant raises five assignments of error, which will be combined when possible and considered out of order. The assigned errors are summarized as follows:

I. The trial court committed reversible error by granting summary judgment in favor of appellee without adjudicating appellant's unrebutted affidavits, perfected UCC filings, and commercial notices which stood as binding truth in commerce.

II. The trial court failed to address two fundamental jurisdictional defects.

III. Despite genuine disputes of material fact and unrebutted filings, the trial court granted judgment as a matter of law without permitting trial by jury.

IV. The trial court failed to rule on appellant's motions.

V. The trial court dismissed appellant's counterclaims without proper legal analysis, explanation, or application of Civ.R. 12(B)(6), while relying on previously withdrawn pleadings to do so.

**Jurisdiction**

{¶ 8} We consider appellant's second assignment of error first since jurisdiction is a threshold issue. In his second assignment of error, appellant contends that the court did not have jurisdiction over the case or his person. We disagree.

{¶ 9} "'Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases.'" *Morris v. Turk*, 2025-Ohio-2365, ¶ 36 (8th Dist.), quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19. Since subject-matter jurisdiction concerns the power of a court to adjudicate the merits of a given case, it cannot be waived and may be challenged at any time. *Morris* at *id.*, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11.

{¶ 10} R.C. 2305.01 grants the general division of common pleas court "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." The common pleas court is a "'court of general jurisdiction, with subject-matter jurisdiction that extends to "all matters at law and in equity that are not denied to it."'" *Morris* at ¶ 37, quoting *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 7.

{¶ 11} In contrast to subject-matter jurisdiction, personal jurisdiction refers to the court's power to render a valid judgment against a particular individual. *State ex rel. Marbuery-Davis v. Court of Common Pleas*, 2025-Ohio-2602, ¶ 17 (8th Dist.).

{¶ 12} Appellant argues that the court lacked both subject-matter and personal jurisdiction. In regard to whether the trial court had subject-matter jurisdiction over the case, none of appellant's arguments are persuasive. "A common pleas court has subject matter jurisdiction over a claim for money owed and over a creditor's bill action." *Saadi v. Am. Family Ins. Co.*, 2021-Ohio-2360, ¶ 31, 35 (7th Dist.).

{¶ 13} As to personal jurisdiction, appellant argues that the court did not have jurisdiction over his person because the court purportedly misidentified him based on the distinction between the legal entity "JEASUNG JAY YOO©" and his natural person, which is akin to a sovereign citizen argument.

{¶ 14} "Sovereign citizen and other adjacent arguments, as the one in the case at bar, have been repeatedly dismissed as 'frivolous' and undeserving of significant discussion by numerous Ohio and federal courts." *SoFi Lending Corp. v. Williams*, 2024-Ohio-1166, ¶ 21 (8th Dist.). "'Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.'" *Id.* at ¶ 22, quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

{¶ 15} Accordingly, the trial court had both subject-matter jurisdiction over the case and personal jurisdiction over appellant.

{¶ 16} The second assignment of error is overruled.

**Summary Judgment**

{¶ 17} In the first and third assignments of error, appellant argues that the trial court erred in granting summary judgment in favor of appellee.

{¶ 18} We review the trial court's ruling on a summary judgment motion de novo, applying the same standard as the trial court under Civ.R. 56(C). *Wells Fargo Bank, N.A. v. Lundeen*, 2020-Ohio-28, ¶ 10 (8th Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Lundeen* at ¶ 10, citing *Ruf v. Belfance*, 2013-Ohio-160, ¶ 8 (9th Dist.).

{¶ 19} Appellee, as the party moving for summary judgment, bears the burden of demonstrating that no material issues of fact exist for trial. *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 14 (8th Dist.); *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Summary judgment is appropriate when there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can only reach a conclusion that is adverse the nonmoving party. *Dresher* at 288-289. The moving party has the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Deutsche Bank Natl. Trust Co. v. Talliere*, 2023-Ohio-75, ¶ 11 (8th Dist.), citing *Dresher*. The only evidence to be considered in deciding summary judgment is that which is found in the "pleadings,

depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C).

{¶ 20} "After the moving party has satisfied this initial burden, the nonmoving party has a reciprocal duty to set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue of material fact for trial." *Talliere* at ¶ 11.

{¶ 21} Appellant applied for, and received, a credit card from appellee whereby he could make purchases on the card and repay appellee the amounts used for those purchases. Appellant used his card to make purchases on this account but failed to make payments to appellee as required by the terms of the cardmember agreement. Reyes, an authorized signing officer for appellee, averred that the credit card had an outstanding balance totaling $17,335.85. Attached to appellee's motion for summary judgment were a copy of the last periodic billing statement and the most recent billing statement. The statements showed that the last payment was on March 30, 2023, in the amount of $1,665, and the account had an outstanding balance of $17,335.85.

{¶ 22} Appellee established through Reyes's affidavit, the cardmember agreement, and the account statements that appellant had a credit card with appellee, used the credit card to make purchases and other transactions, stopped making payments on the credit card, and owed a final balance of $17,335.85.

Appellant has not set forth any evidence demonstrating a genuine issue regarding those material facts.

{¶ 23} Finding no error in the trial court's decision, we also overrule appellant's third assignment of error, contending that the trial court deprived him of his right to a jury trial. The right to a jury trial is only enforceable where there are factual issues to be tried. *Discover Bank v. Wyl*ey, 2025-Ohio-104, ¶ 15 (8th Dist.), citing *Barstow v. Waller*, 2004-Ohio-5746, ¶ 53 (4th Dist.). Accordingly, the proper granting of a motion for summary judgment does not abridge an individual's constitutional right to a jury trial. *Wyley* at *id.*, citing *Univ. Carnegie Med. Partners Assocs. v. Cleveland Therapy Ctr.*, 1992 Ohio App. LEXIS 5243, 17 (8th Dist. Oct. 15, 1992). Because summary judgment was proper, appellant has no right to a jury trial.

{¶ 24} Accordingly, the first and third assignments of error are overruled.

**Pending Motions**

{¶ 25} In the fourth assignment of error, appellant claims that the trial court erred when it did not rule on several pending motions, including his motion for summary judgment, motion to compel rulings and clarification, and motion to correct misidentification.

{¶ 26} When a trial court fails to rule on a motion, the motion is deemed denied once the court enters final judgment. *D.C. v. J.C.*, 2025-Ohio-3275, ¶ 38 (8th Dist.); *State v. Nikolic*, 2020-Ohio-3718, ¶ 5 (8th Dist.). The trial court issued

a final judgment granting summary judgment in favor of appellee.  Accordingly, any motions that the trial court did not rule upon are considered denied.

{¶ 27} The fourth assignment of error is overruled.

**Counterclaim**

{¶ 28} In the fifth assignment of error, appellant argues that the trial court erred in granting appellee's motion to dismiss his counterclaim.

{¶ 29} Appellee filed a motion to dismiss appellant's counterclaims on July 8, 2024.  The trial court granted the motion on December 20, 2024.  Appellant filed a moved the court to reconsider that decision on March 5, 2025, which the court denied in a journal entry dated March 13, 2025.

{¶ 30} In his notice of appeal, appellant attached only the trial court's judgment granting appellee's motion for summary judgment.  He did not attach the December 20, 2024 order granting appellee's motion to dismiss, or the March 13, 2025 order denying his motion for reconsideration.

{¶ 31} App.R. 3 governs appeals "as of right" and provides in part that the notice of appeal "shall designate the judgment, order or part thereof appealed from." App.R. 3(D). The purpose of App.R. 3(D) is "'to notify potential appellees of an appeal and advise them as to what orders the appellant is appealing from.'" *Huntington Natl. Bank v. Blue*, 2023-Ohio-3881, ¶ 12 (8th Dist.), quoting *Armbruster v. Hampton*, 2006-Ohio-4530, ¶ 15 (9th Dist.).  Thus, "'an appellee would not be advised that an appellant is appealing from an order issued in the trial court after the filing of the notice of appeal unless the appellant has taken steps to

amend the notice of appeal pursuant to App.R. 3(F).'" *Huntington Natl. Bank* at *id.*, citing *Armbruster* at *id.* Appellant did not amend his notice of appeal to include the court's rulings on his counterclaim.

{¶ 32} We recognize that the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal. *See* App.R. 3(A); *Huntington Natl. Bank* at ¶ 13, fn. 1, citing *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995). This court is vested with the discretion to consider arguments relative to orders not included in the notice of appeal. *See Huntington Natl. Bank* at *id.*, citing *Transamerica Ins. Co.* Because appellant failed to include the court's December 20, 2024 or March 13, 2025 orders to his notice of appeal and did not seek leave to amend his notice of appeal, we decline to consider his arguments relative to the trial court's dismissal of his counterclaim.

{¶ 33} The fifth assignment of error is overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
DEENA R. CALABRESE, J., CONCUR