[Cite as *State v. Davis*, 2019-Ohio-2115.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                                No. 107645

    v.                                       :

MICHAEL MARBUERY DAVIS,           :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 30, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-14-582057-B, CR-14-586437-A, CR-14-586870-A, CR-14-587857-B,
CR-14-590819-B and CR-15-596537-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Timothy Young, Ohio Public Defender, and Craig M. Jaquith, Assistant State Public Defender, *for appellant.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Michael Marbuery Davis ("Marbuery Davis") appeals from his resentencing following our limited remand in *State v. Davis*, 8th

Dist. Cuyahoga No. 104574, 2018-Ohio-1147 ("*Marbuery Davis I*"). For the reasons set forth below, we affirm.

{¶ 2} The facts underlying this appeal were previously set forth in Marbuery Davis's prior appeal, *Marbuery Davis I*, and we incorporate them as if fully rewritten herein.

{¶ 3} In *Marbuery Davis I*, Marbuery Davis argued the trial court's failure to impose the mandatory driver's license suspension under former R.C. 2925.03 rendered his sentence contrary to law. Finding merit to this argument, we stated:

> the trial court was required to impose a suspension of Marbuery Davis's driver's license for at least six months, but not more than five years. The trial court's failure to impose this mandatory term renders Marbuery Davis's sentence void in part[.]

*Id.* at ¶ 63.

As a result, we affirmed his numerous convictions, and based on the authority in *State v. Harris*, 132 Ohio St. 3d 318, 2012-Ohio-1908, 972 N.E.2d 509, we remanded the matter for resentencing limited to the imposition of the mandatory driver's license suspension. *Id.* at ¶ 71. Marbuery Davis did not seek reconsideration of this decision, nor did he appeal to the Ohio Supreme Court.

{¶ 4} Following our remand, the trial court held a resentencing hearing. At the hearing, defense counsel argued that the entire sentence should be considered void and Marbuery Davis was entitled to a de novo resentencing. The trial court declined to conduct a de novo resentencing and limited the hearing to correct the imposition of the driver's license suspension. The court reasoned,

Everything else about all of these cases remains decided by the Court of Appeals. And I've not let you address any issues you could have or were raised because those issues are resolved.

{¶ 5} In addressing the driver's license suspension, the court gave Marbuery Davis the opportunity to express his thoughts. During this time, Marbuery Davis admitted that the reason he challenged the trial court's failure to impose a mandatory driver's license suspension was because he thought "[he] was going to get a de novo re-sentencing."

{¶ 6} The trial court then proceeded to sentence Marbuery Davis on the driver's license suspension. The court noted that at the time of the resentencing, a driver's license suspension is no longer mandatory under the statute, and now was discretionary. As a result, the court chose to not impose a driver's license suspension.

{¶ 7} It is from this order that Marbuery Davis now appeals, raising the following single assignment of error for review:

<u>Assignment of Error</u>

The trial court erred when it did not conduct a de novo resentencing hearing.

{¶ 8} In his sole assignment of error, Marbuery Davis claims the trial court erred when it conducted a limited resentencing hearing under *Harris* because the license suspension was not mandatory at the time of the resentencing and, as a result, his case was no longer controlled by *Harris* on remand.

{¶ 9} Marbuery Davis argues that at the time the resentencing hearing was held in August 2018, a mandatory driver's license suspension was no longer required

under R.C. 2925.03(D). Marbuery Davis was originally sentenced in May 2016 and the change to a discretionary license suspension went into effect in September 2016. Based on this change in the law, Marbuery Davis contends he is entitled to a de novo resentencing hearing.

{¶ 10} Marbuery Davis attempts to distinguish *Harris* from the instant case by noting that *Harris* involved a mandatory, rather than a discretionary, imposition of a driver's license suspension. This distinction is unpersuasive because at the time Marbuery Davis was originally sentenced, the law required a mandatory driver's license suspension. Had the change in R.C. 2925.03(D) been in effect at the time of Marbuery Davis's initial sentencing, there would have been no error in the court's sentence and no basis for a remand. The fact that the General Assembly chose to make driver's license suspensions under this section discretionary rather than mandatory did not affect the prison sentences that were imposed by the trial court and affirmed by this court in *Marbuery Davis I.* As a result, a de novo resentencing was not necessary.

{¶ 11} Moreover, Marbuery Davis's reasoning misconstrues our mandate in *Marbuery Davis I.* "An appellate mandate works in two ways: it vests the lower court on remand with jurisdiction and it gives the lower court on remand the authority to render judgment consistent with the appellate court's judgment." *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 16. Under the "mandate rule" a lower court is required to "'carry the mandate of the upper court into execution and not consider the questions which the mandate laid at rest.'" *Id.,*

quoting *Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *see also State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 32 (holding that "the Ohio Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals.").

{¶ 12} In *Marbuery Davis I*, this court affirmed the prison sentences imposed by the trial court and recognized that the only issue left unresolved was the imposition of the driver's license suspension. Subsequently, we explicitly remanded the case back to the trial court "for resentencing limited to the imposition of the mandatory driver's license suspension." *Id.* at ¶ 71. Notably, Marbuery Davis did not seek reconsideration from this decision or appeal to the Ohio Supreme Court. With Marbuery Davis's prison sentences having been affirmed on appeal, the trial court did not have authority to reconsider them. As a result, the trial court was bound by the explicit mandate from this court and could not conduct a de novo resentencing hearing.

{¶ 13} Accordingly, the sole assignment of error is overruled.

{¶ 14} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR