[Cite as *State v. Truckey*, 2019-Ohio-4836.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0040** |
| JAMES A. TRUCKEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00675.

Judgment: Modified and affirmed as modified.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*David L. Doughten* and *Kimberly Corral*, 4403 St. Clair Avenue, Cleveland, OH 44103 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}  Defendant-appellant, James A. Truckey, appeals the Ashtabula County Court of Common Pleas' February 28, 2019 Judgment Entries ordering the "reinstatement" of his conviction for Dereliction of Duty and correcting nunc pro tunc a prior Entry dismissing that conviction.  For the following reasons, we modify the decision of the court below and affirm as modified.

{¶2}  On June 28, 2017, Truckey was found guilty after a jury trial of the following charges: Assault (Count 1), Tampering with Records (Count 5), Tampering

with Evidence (Count 6), Dereliction of Duty (Count 7), and Dereliction of Duty (Count 11).

{¶3} On September 29, 2017, the trial court merged Dereliction of Duty (Count 7) into Assault (Count 1) and merged Tampering with Evidence (Count 6) and Dereliction of Duty (Count 11) into Tampering with Records (Count 5). The court, inter alia, sentenced Truckey "to 180 days in the Lake County Jail on each count, to-wit Counts One and Five, to be served **concurrently** with each other, of which ninety (90) days on each count are **suspended**."

{¶4} Truckey appealed his convictions to this court.

{¶5} On February 8, 2019, this court rendered its decision in *State v. Truckey*, 11th Dist. Ashtabula No. 2017-A-0076, 2019-Ohio-407. This court found that "Mr. Truckey's convictions for tampering with evidence, tampering with records, and dereliction of duty are unsupported by sufficient evidence, and must be reversed." *Id.* at ¶ 14.[1] This court affirmed the assault conviction, however, noting that "[t]he body camera video alone proves that Mr. Truckey assaulted Mr. Dirrigl, causing him serious injury." *Id.* at ¶ 42. The matter was remanded for "further proceedings consistent with this opinion." *Id.* at ¶ 44.

{¶6} This court did not specify which Dereliction of Duty conviction, Count 7 or Count 11, was being reversed. Dereliction of Duty (Count 7) was implicitly affirmed,

---

1. We note two instances in which the import of this sentence in paragraph 14 was misrepresented by counsel for Truckey. On page 5 of the Appellant's Brief, it is stated that this court found Truckey's convictions for, inter alia, "derelictions of duty," rather than "dereliction of duty," to be unsupported by sufficient evidence. At oral argument, counsel asserted that, in the "language of this court's opinion," Truckey's "convictions – in the plural – of dereliction of duty" were reversed, whereas it was his convictions for tampering with evidence, tampering with records, and dereliction of duty that were reversed. Both claims would have strengthened Truckey's argument that it was this court's conscious intent to vacate both dereliction of duty convictions, if they had accurately reflected this court's opinion, which they do not.

2

however, by virtue of it being found a lesser included offense of Assault (Count 1). Under the facts of the present case the elements of the two offenses aligned inasmuch as the conduct constituting the Dereliction of Duty was the same conduct that constituted the Assault.[2]

{¶7} On February 22, 2019, the trial court, upon "consideration [of] the Eleventh District Court of Appeal's remand to the Trial Court," determined that "the convictions on all counts, save Count One (Assault), should be and are hereby ordered vacated and set aside."

{¶8} On February 26, 2019, the State filed a Motion to Reconsider Vacating Defendant's Conviction for Dereliction of Duty.

{¶9} On February 28, 2019, the matter came on for hearing at which the trial court found the State's Motion well-taken and "order[ed] reinstatement of the conviction on Count Seven, Dereliction of Duty, as that count was aligned with the Assault conviction."

{¶10} Also on that date, the trial court entered a Judgment Entry Nunc pro Tunc, correcting its February 22 Entry so that "the convictions on all counts, save Counts One (Assault) **and Seven (Dereliction of Duty)**, should be and are hereby ordered vacated and set aside."

{¶11} On March 27, 2019, Truckey filed a Notice of Appeal. On appeal, he raises the following assignments of error:

{¶12} "[1.] The trial court erred by sentencing Truckey for Count Seven, Dereliction of Duty, R.C. 2921.44(E), as this Court had dismissed this conviction for

---

2. The Indictment for Count 7 reads: "On or about 09/11/2016, * * * one **JAMES A TRUCKEY**, being a public servant, did recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office, to-wit: failed to protect and/or assaulted Edward J. Dirrigl * * *."

insufficient evidence. Therefore the trial court had no jurisdiction to reinvoke the conviction through a nunc pro tunc order."

{¶13} "[2.] The trial court erred by entering a nunc pro tunc order pursuant to a state motion to reconsider the court's earlier entry dismissing Count 7 Dereliction of Duty, R.C. 2921.44(E)."

{¶14} In the first assignment of error, Truckey claims that this court reversed his conviction for Dereliction of Duty (Count 7) and that the trial court, therefore, correctly vacated this conviction.

{¶15} Truckey misinterprets this court's opinion. In the discussion of the Dereliction of Duty count, this court held that the State failed to "identify a 'lawful duty' Mr. Truckey failed to perform," inasmuch as there was insufficient evidence to predicate this conviction on Tampering with Evidence or Tampering with Records. *Truckey*, 2019-Ohio-407, at ¶ 20. This ruling could only apply to Dereliction of Duty (Count 11), which accused Truckey of "fail[ing] to promptly place [a] DVD of subject incident into the designated evidence containment area at the Ashtabula County Sheriff's Department," the same conduct as was alleged in Tampering with Records (Count 5) and Tampering with Evidence (Count 6). As noted above, this court implicitly affirmed the finding of guilt for Dereliction of Duty (Count 7) by affirming the conviction for the allied offense of Assault (Count 1).

{¶16} Truckey further argues that "[t]he double jeopardy clause bars the reinstatement and sentencing in Common Pleas Court." Appellant's brief at 10. Truckey is incorrect. "When a jury returns a verdict of guilty and a trial judge (or an appellate court) sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of

4

guilty." *Smith v. Massachusetts*, 543 U.S. 462, 467, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005).

{¶17} The first assignment of error is without merit.

{¶18} In the second assignment of error, Truckey argues that "there is no such thing as a motion for reconsideration for a criminal case," and that, "once [the trial court judge] dismissed the charge, he no longer had jurisdiction to substantively change a dismissal of a charge." Appellant's brief at 11. Again, we disagree.

{¶19} The Ohio Rules of Criminal Procedure provide: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Crim.R. 36. The State's motion for "Reconsideration" properly apprised the trial court of an error in the record arising from oversight which it had express authority to correct at any time.

{¶20} Rather than lacking jurisdiction to correct the error, it would be more accurate to state that the trial court lacked jurisdiction to dismiss Dereliction of Duty (Count 7) contrary to this court's mandate on remand. *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus ("an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case"); *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 104, 647 N.E.2d 792 (1995) ("in addition to lacking discretion to depart from a superior court's mandate, an inferior court also lacks jurisdiction to do so"); *State v. Davis*, 8th Dist. Cuyahoga No. 107645, 2019-Ohio-2115, ¶ 11 ("[a]n appellate mandate works in two ways: it vests the lower court on remand with jurisdiction and it gives the lower court on remand the authority to render judgment consistent with the appellate court's judgment") (citation omitted).

{¶21} The second assignment of error is without merit.

{¶22} Despite the lack of merit in Truckey's assignments of error, we wish to draw attention to the terminology employed when discussing the multiple counts statute and the Double Jeopardy Clause. When a defendant's conduct can be construed to constitute allied offenses of similar import, "the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). The Ohio Supreme Court has interpreted this statute as "protect[ing] a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of the allied offenses for sentencing." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph three of the syllabus. In the same case, the Court also affirmed that, "for purposes of R.C. 2941.25, a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty." *Id.* at ¶ 12.

{¶23} This court, then, did not respect the appropriate terminology when we wrote, in our prior decision: "We find Mr. Truckey's convictions for tampering with evidence, tampering with records, and dereliction of duty are unsupported by sufficient evidence, and must be reversed." *Truckey*, 2019-Ohio-407, at ¶ 14. The only "conviction" properly speaking was for Tampering with Records as this was the only one of the three counts for which Truckey received a sentence. An accurate statement of this court's holding would have been that the verdicts or counts or findings of guilt for Tampering with Evidence (Count 6), Dereliction of Duty (Count 11), and Tampering with Records (Count 5) were unsupported by sufficient evidence and must be reversed. Similar misstatements exist in the assertion of Truckey's appellate brief that "this Court dismissed Truckey's conviction for Count Seven, Dereliction of Duty," the State's Motion requesting reconsideration of the "decision vacating defendant's conviction for Count

6

Seven, Dereliction of Duty," and trial court's February 28, 2019 Judgment Entry in which it "orders reinstatement of the conviction on Count Seven, Dereliction of Duty." Pursuant to the *Whitfield* decision, there was never a conviction for Dereliction of Duty (Count 7) because the trial court never imposed a sentence or other punishment for that Count.

{¶24} In light of the foregoing, the trial court's February 28, 2019 Judgment Entry, in which it "orders reinstatement of the conviction on Count Seven, Dereliction of Duty, as that count was aligned with the Assault conviction," is modified so that the verdict on Count Seven, Dereliction of Duty, is reinstated as that count was aligned with Count One, Assault. The court's February 28, 2019 Judgment Entry Nunc pro Tunc, in which it states that "the convictions on all counts, save Counts One (Assault) **and Seven (Dereliction of Duty)**, should be and are hereby ordered vacated and set aside," is modified so that all counts, save Counts One (Assault) and Seven (Dereliction of Duty), should be and are hereby ordered vacated and set aside.

{¶25} The February 28, 2019 Judgments are hereby modified and affirmed as modified. Costs to be taxed against the appellant.


MARY JANE TRAPP, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.