[Cite as *State v. Davis*, 2024-Ohio-586.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                   :

                                    No. 112986

    v.                                        :

MICHAEL S. MARBUERY-DAVIS,                        :

    Defendant-Appellant.                  :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 15, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-596537-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Frank Romeo Zeleznikar, Assistant
Prosecuting Attorney, *for appellee.*

Michael Marbuery-Davis, *pro se.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Michael S. Marbuery-Davis ("Marbuery-Davis"), pro se, appeals from the trial court's judgment construing his motion to vacate void sentence as a petition for postconviction relief and dismissing it as untimely filed. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} The record reflects that between February 2014 and June 2015, Marbuery-Davis was indicted in six cases for various drug trafficking offenses. In May 2016, Marbuery-Davis entered guilty pleas to numerous felony counts spanning the six cases. He was sentenced to an aggregate prison term of 22 years. On appeal, this court affirmed Marbuery-Davis's convictions but remanded for the limited purpose of imposing the statutorily mandated driver's license suspension. *State v. Davis*, 8th Dist. Cuyahoga No. 104574, 2018-Ohio-1147, ¶ 64 ("*Marbuery-Davis I*"). At the resentencing hearing, Marbuery-Davis argued that the entire sentence should be considered void and he was entitled to a de novo resentencing, but the trial court limited the hearing to only correcting the imposition of the driver's license suspension. This court rejected Marbuery-Davis's argument on appeal after resentencing that the trial court should have conducted a de novo resentencing, finding that the trial court was limited by the mandate in *Marbuery-Davis I* to consider the imposition of the driver's license suspension and did not have authority to conduct a de novo resentencing hearing of the remainder of Marbuery-Davis's sentences. *State v. Davis*, 8th Dist. Cuyahoga No. 107645, 2019-Ohio-2115, ¶ 12 ("*Marbuery-Davis II*").

{¶ 3} Seven years later, in June 2023, Marbuery-Davis filed a "motion to vacate void sentence" in which he argued that his sentence was void because the trial court had never acquired personal jurisdiction over him. Marbuery-Davis did not cite any criminal rule to support his motion, but argued that he had filed a motion

to dismiss for personal jurisdiction on August 31, 2015, the state never filed a response to his motion, and the trial court never decided the issue of personal jurisdiction.[1] He argued that he challenged the court's jurisdiction "prior to appearing at arraignment and entering a plea," and therefore, the state had the burden of establishing jurisdiction and the trial court was required to decide the threshold issue of jurisdiction before rendering a judgment, which it did not do. He contended that because the court did not have personal jurisdiction over him, any judgment entered in the case was void. Accordingly, he asked the court to vacate his sentence.

{¶ 4} The trial court ruled that Marbuery-Davis's motion to vacate void sentence was a petition for postconviction relief, and dismissed it as untimely filed. Marbuery-Davis now appeals from the trial court's judgment.

## II. Law and Analysis

{¶ 5} Marbuery-Davis raises two assignments of error on appeal. In the first assignment of error, he contends that the trial court erred in denying the motion to vacate void sentence. In his second assignment of error, he contends that the trial

---

[1] In his motion to dismiss for lack of personal jurisdiction, Marbuery-Davis argued that he was a "secured party creditor and one of the people of Ohio," and the trial court did not have personal jurisdiction over him because "the all capital letter name described in the indictment as MICHAEL SAM MARBUERY-DAVIS is a legal fiction transmitting utility, and the natural man Michael Sam Marbuery-Davis are separate persons. The all capital letter name is property belonging to the natural man Michael Sam Marbuery-Davis registered pursuant to R.C. 1329.01(B) and 1329.54(A)." Accordingly, Marbuery-Davis asked the court to dismiss the case without prejudice and "return all tangible property related to the above caption."

court erred in construing his motion to vacate void sentence as a petition for postconviction relief and dismissing it as untimely. Neither assignment of error has merit.

**{¶ 6}** We first address Marbuery-Davis's contention that his sentence is void. "A judgment of sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 43. If a sentence imposed is not authorized by law, the sentence is voidable, not void, if the trial court possessed both subject-matter and personal jurisdiction. *Id.*

**{¶ 7}** Marbuery-Davis contends that his sentence is void because he challenged the court's personal jurisdiction through his motion to dismiss before he appeared at his arraignment and entered a plea. He argues that because the state failed to meet its burden of proving jurisdiction after he filed his motion to dismiss and the trial court never addressed the issue before rendering its judgment, the court never acquired personal jurisdiction over him and, thus, his sentence is void.

**{¶ 8}** Marbuery-Davis's argument ignores "'the well-established rule in Ohio that when a defendant appears in the trial court and enters a plea of not guilty to the charges, he waives any objection to the court's exercise of personal jurisdiction over him.'" *N. Royalton v. Awadallah (In re Leary)*, 8th Dist. Cuyahoga No. 96424, 2011-Ohio-6626, ¶ 14, quoting *Cleveland v. Fitos*, 8th Dist. Cuyahoga No. 81404, 2003-Ohio-33, ¶ 11, citing *State v. Savage*, 60 Ohio App.2d 394, 395, 397 N.E.2d

1205 (9th Dist.1977). *See also State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10 ("A challenge to personal jurisdiction or jurisdiction over the person is waivable by the defendant's voluntary submission at an initial appearance or by entering a plea of not guilty.").

{¶ 9} The docket in this case reflects that Marbuery-Davis was indicted on June 19, 2015. He filed his motion to dismiss for lack of personal jurisdiction on August 31, 2015. On March 15, 2016, he appeared in court and pleaded not guilty to the indictment.[2] Accordingly, Marbuery-Davis waived any objection to the court's personal jurisdiction over him and, therefore, his conviction and sentence are not void for lack of personal jurisdiction.

{¶ 10} Having determined that Marbuery-Davis's sentence is not void, we next turn to his contention that the trial court erred by characterizing his motion to vacate void sentence as a successive petition for postconviction relief.[3] The Supreme Court of Ohio has stated that "'[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.'" *State v. Bridges*, 8th Dist. Cuyahoga No. 111833, 2023-Ohio-1048, ¶ 14, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10.

---

[2] Marbuery-Davis's assertion that the trial court "required" him to plead is unsupported by any reference whatsoever to the record and thus without merit.

[3] Marbuery-Davis's first petition for postconviction relief under R.C. 2953.21 was filed on July 11, 2017, and denied on August 2, 2017.

Thus, a vaguely titled motion filed subsequent to a direct appeal, claiming a denial of constitutional rights, seeking to render the judgment void, and asking for a vacation of the judgment and sentence may be construed as a petition for postconviction relief. *Bridges* at *id.*; *see also State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus ("Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."); *State v. Asadi-Ousley*, 8th Dist. Cuyahoga No. 112734, 2023-Ohio-4322, ¶ 8; *State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 8. Marbuery-Davis's motion to vacate void sentence, not brought pursuant to any specific rule of criminal procedure, meets these criteria and, accordingly, the trial court properly construed it as a petition for postconviction relief.

{¶ 11} Marbuery-Davis's assertion that the trial court should not have considered his motion as a petition for postconviction relief because void sentences are not subject to the postconviction relief statutes is without merit. First, as discussed above, his sentence is not void. Second, he cites outdated law for this proposition. In *Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, the Ohio Supreme Court realigned its jurisprudence regarding void and voidable sentencing and held that a sentence is void only if it is rendered by a court that lacks subject matter over the case and personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, a sentence based on an error in

the trial court's exercise of that jurisdiction is voidable, not void. Finally, it is apparent that Marbuery-Davis's motion to vacate void sentence claimed a denial of constitutional rights; i.e., a violation of due process in rendering a judgment and sentence without personal jurisdiction over Marbuery-Davis. As set forth in *Reynolds*, a trial court may consider such a motion filed subsequent to a direct appeal and seeking to vacate the sentence as a petition for postconviction relief.

{¶ 12} Having properly considered the motion to vacate as a petition for postconviction relief, we find that the trial court also properly dismissed the petition as untimely filed. Pursuant to R.C. 2953.21(A)(1)(a)(i), a person who has been convicted of a criminal offense and who "claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" may file a petition in the court that imposed sentence, asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. Under R.C. 2953.21(A)(2), petitions for postconviction relief must generally be filed within 365 days after the trial transcript is filed in the direct appeal of the conviction at issue. Because Marbuery-Davis's motion was filed beyond the 365-day window in R.C. 2953.21(A)(2) and after he already unsuccessfully sought postconviction relief in 2017, his motion to vacate void sentence was an untimely and successive petition for postconviction relief.

{¶ 13} Typically, we review a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. However, whether the trial

court had subject-matter jurisdiction to entertain an untimely or successive petition for postconviction relief is a question of law, which we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶ 14} A trial court lacks jurisdiction over an untimely or successive petition for postconviction relief unless the petitioner satisfies the criteria set forth under R.C. 2953.23(A). *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 20; *Apanovitch* at ¶ 36-38 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition.").

{¶ 15} Under R.C. 2953.23(A), a trial court may consider an untimely or successive petition for postconviction relief if the petitioner (1) shows he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief" or subsequent to the time period in R.C. 2953.21(A)(2) or the filing of the earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively" to the petitioner's situation, and (2) shows by "clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted * * *."

{¶ 16} Marbuery-Davis's petition does not meet the requirements of R.C. 2953.23(A)(1). Nothing in his petition demonstrates that he was unavoidably prevented from discovering the facts on which the claim in his petition was based, that any new federal or state right was recognized subsequent to the filing of his

earlier petition, or that but for the alleged constitutional error, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. Because Marbuery-Davis did not make the requisite showing under R.C. 2953.23(A)(1), the trial court lacked jurisdiction to consider his petition for postconviction relief and properly dismissed it. The first and second assignments of error are overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR