[Cite as *State ex rel. Marbuery-Davis v. Cuyahoga Cty. Common Pleas Court*, 2025-Ohio-2602.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., MICHAEL S.          :
MARBUERY-DAVIS,

      Relator,                             :
                                 No. 115125
      v.                                   :

COURT OF COMMON PLEAS,              :
CUYAHOGA COUNTY, ET AL.,
                                   :

      Respondents.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** July 21, 2025

---

Writ of Prohibition
Motion No. 584572
Order No. 586273

---

### *Appearances:*

Michael S. Marbuery-Davis, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondents*.

DEENA R. CALABRESE, J.:

{¶ 1} Relator Michael S. Marbuery-Davis ("Marbuery-Davis"), pro se, seeks a writ of prohibition directing the respondents the Cuyahoga County Court of

Common Pleas, Administrative and Presiding Judge Brendan Sheehan, and Judge John J. Spellacy (the "respondents"), to vacate the judgment of conviction in Cuyahoga C.P. No. CR-15-596537-A and "to prevent any further prosecution in said case until the court and/or magistrate complies with R.C. 2943.02 and R.C. 2937.06(A)."[1]

{¶ 2} For the following reasons, this court grants the respondents' dispositive motion and dismisses the complaint for a writ of prohibition.

## I. Procedural and Factual History

{¶ 3} A review of the publicly available dockets relevant to this action provides the following procedural history.[2] Between February 2014 and June 2015, Marbuery-Davis was indicted in six cases for various drug-trafficking-related offenses: Cuyahoga C.P. Nos. CR-14-586437-A, CR-14-582057-B, CR-14-587857-B, CR-14-590819-B, CR-15-596537-A, and CR-14-586870-A. On May 16, 2016, Marbuery-Davis accepted the terms of a negotiated plea deal with the State and

---

[1] We recognize that a "court is not sui juris and may not be sued in its own right." *State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 2022-Ohio-4189, ¶ 1, fn. 1. Thus, it is not properly named as a party in an original action. *See, e.g., State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2021-Ohio-2374, ¶ 26 ("[A] court of common pleas is not a proper respondent in a mandamus action."); *Klein's Pharmacy & Orthopedic Appliances, Inc. v Summit Cty. Court of Common Pleas*, 2024-Ohio-1307 (request for writ of prohibition was dismissed against the court of common pleas since it is not sui juris).

[2] *See, e.g., State ex rel. Fischer Asset Mgt., L.L.C. v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8.

pleaded guilty to eight counts of drug trafficking, four counts of possessing criminal tools, and single counts of endangering children, attempted drug possession, and drug possession. He was sentenced to an aggregate prison term of 22 years.

{¶ 4} On direct appeal, this court affirmed Marbuery-Davis's convictions and aggregate sentence, but remanded for the limited purpose of imposing a statutorily mandated driver's license suspension. *State v. Davis*, 2018-Ohio-1147, ¶ 64 (8th Dist.) ("*Marbuery-Davis I*").

{¶ 5} On remand, the trial court held a limited resentencing hearing but chose not to impose a driver's license suspension based on an intervening amendment to R.C. 2925.03. Marbuery-Davis appealed from this judgment, arguing that the trial court erred by failing to conduct a de novo resentencing hearing. This court found no merit to Marbuery-Davis's position and affirmed the trial court's judgment. *State v. Davis*, 2019-Ohio-2115 (8th Dist.) ("*Marbuery-Davis II*").

{¶ 6} On June 20, 2023, Marbuery-Davis filed a pro se "motion to vacate void sentence" in Cuyahoga C.P. No. CR-15-596537-A. Therein, Marbuery-Davis argued, for the first time, that his sentence was void because "the trial court lacked jurisdiction over his person." Specifically, Marbuery-Davis claimed the trial court did not have the authority to enter a judgment of conviction because it "never

considered or decided" his prearraignment motion to dismiss for lack of jurisdiction, filed on August 31, 2015.[3]

{¶ 7} The trial court interpreted Marbuery-Davis's motion to vacate as being a petition for postconviction relief and dismissed it as being untimely. On appeal from the trial court's judgment, Marbuery-Davis reiterated his contention that his convictions and resulting sentence are void because the trial court never acquired personal jurisdiction over him because of the court's failure to resolve the outstanding motion to dismiss prior to his arraignment.

{¶ 8} Upon review, this court affirmed the trial court's judgment, finding that Marbuery-Davis "waived any objection to the court's personal jurisdiction over him" by voluntarily appearing at his arraignment and entering a plea of not guilty to the indictment. *State v. Marbuery-Davis*, 2024-Ohio-586, ¶ 8-9 (8th Dist.) ("*Marbuery-Davis III*"), quoting *State v. Mbodji*, 2011-Ohio-2880, ¶ 10 ("'A challenge to personal jurisdiction or jurisdiction over the person is waivable by the defendant's voluntary submission at an initial appearance or by entering a plea of

---

[3] In his motion to dismiss for lack of personal jurisdiction, Marbuery-Davis argued that he was a "secured party creditor and one of the people of Ohio," and the trial court did not have personal jurisdiction over him because "the all capital letter name described in the indictment as MICHAEL SAM MARBUERY-DAVIS is a legal fiction transmitting utility, and the natural man Michael Sam Marbuery-Davis are separate persons. The all capital letter name is property belonging to the natural man Michael Sam Marbuery-Davis registered pursuant to R.C. 1329.01(B) and 1329.54(A)." Accordingly, Marbuery-Davis asked the court to dismiss the case without prejudice and "return all tangible property related to the above caption."

not guilty.'"). Accordingly, this court concluded that Marbuery-Davis's "conviction[s] and sentence are not void for lack of personal jurisdiction." *Id*. at ¶ 9.

{¶ 9} On May 13, 2025, Marbuery-Davis commenced this prohibition action against the respondents. Again, Marbuery-Davis argues the trial court's "exercise of judicial power was unauthorized by law because the court held arraignment and required [him] to plead to charges without first disposing of [his] exception to the indictment." Specifically, Marbuery-Davis contends that the trial court's failure to promptly resolve his outstanding motion to dismiss violated the statutory procedures for an arraignment under R.C. 2937.06(A) and 2943.02. Accordingly, the complaint seeks an order directing the respondents to (1) vacate the judgment of conviction in Cuyahoga C.P. No. CR-15-596537-A, and (2) prevent any further prosecution in the underlying criminal case until the mandates of R.C. 2943.02 and 2937.06(A) are satisfied.

{¶ 10} On May 19, 2025, the respondents moved to dismiss the prohibition complaint, arguing that Marbuery-Davis failed to state a viable claim because (1) the claims are barred by res judicata, (2) the trial court had jurisdiction over Marbuery-Davis and his criminal case, and (3) Marbuery-Davis had an adequate legal remedy by way of appeal.

{¶ 11} Marbuery-Davis opposed the motion to dismiss on May 27, 2025. Therein, Marbuery-Davis generally asserted that the affirmative defense of res judicata is not an appropriate basis to grant the respondents' motion to dismiss.

**II. Law and Analysis**

**A. Standard of Review**

{¶ 12} Original actions in mandamus and prohibition ordinarily "proceed as any civil action under the Ohio Rules of Civil Procedure." Loc.App.R. 45(D)(2)(c). This case is before this court on respondents' motion to dismiss. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311 (1998).

**B. Writ of Prohibition**

{¶ 13} A writ of prohibition is an order of a superior court to an inferior one "'commanding it to cease abusing or usurping judicial functions.'" *Lundeen v. Turner*, 2020-Ohio-274, ¶ 6 (8th Dist.), quoting *State ex rel. Burtzlaff v. Vickery*, 121 Ohio St. 49, 50 (1929). A writ of prohibition generally tests the subject-matter jurisdiction of a judicial officer or one acting in a quasi-judicial capacity. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). Commonly, the writ of prohibition provides a preventative rather than corrective remedy. *State ex rel. Feltner v. Cuyahoga Cty. Bd. of Revision*, 2020-Ohio-3080, ¶ 6; *see also Jacobs v. Cuyahoga Cty. Court of Common Pleas*, 2025-Ohio-2076, ¶ 16 (8th Dist.). "The writ will not

issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65 (1950).

{¶ 14} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160 (1989). Ordinarily, extraordinary writs are issued with caution and only when relators have no other adequate remedy at law available. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 277 (1940). However, in the case of prohibition, if the respondent patently and unambiguously lacks jurisdiction, a writ may issue regardless of other available remedies. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 2013-Ohio-224, ¶ 11.

{¶ 15} In this case, Marbuery-Davis argues the trial court patently and unambiguously exceeded its jurisdiction by holding an arraignment hearing and subsequently entering a judgment of conviction "without first disposing of his [motion to dismiss for lack of personal jurisdiction]." As previously stated, he contends that the trial court's course of conduct violated the express mandates of R.C. 2937.06(A) and 2943.02, and therefore, "the arraignment, plea, and judgment [of conviction are] null and void."

{¶ 16} R.C. 2943.02 sets forth the applicable procedures for an arraignment, stating:

An accused person shall be arraigned by the clerk of the court of common pleas, or his deputy, reading the indictment or information to the accused, unless the accused or his attorney waives the reading thereof. He shall then be asked to plead thereto. Arraignment shall be made immediately after the disposition of exceptions to the indictment, if any are filed, or, if no exceptions are filed, after reasonable opportunity has been given the accused to file such exceptions.

In turn, R.C. 2937.06(A) describes the plea procedure utilized at an arraignment. *See State v. Bibler*, 2014-Ohio-3375, ¶ 18 (3d Dist.), citing *State v. Simones*, 27 Ohio App.2d 9, 13-14 (3d Dist. 1971). The statute provides that "after all motions are disposed of or if no motion is presented, the court or magistrate shall require the accused to plead to the charge."

{¶ 17} Relying on the foregoing statutes, Marbuery-Davis claims that the trial court was statutorily required to resolve his motion to dismiss, i.e., his exception to the indictment, before proceeding with his case. He suggests that the court's failure to comply with R.C. 2937.06(A) and 2943.02 demonstrates that the court was patently and unambiguously without jurisdiction to act whatsoever. Relevant to our analysis, Marbuery-Davis has clarified that "his complaint in prohibition challenges the court's subject-matter jurisdiction and not the court's personal jurisdiction." (Response to Respondent(s) Motion to Dismiss, p. 1.).[4]

---

[4] In contrast to subject-matter jurisdiction, personal jurisdiction refers to the court's power to render a valid judgment against a particular individual. In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge. *Tari v. State*, 117 Ohio St. 481, 490 (1927). As relevant here, however, we note that this court has already determined that "Marbuery-Davis waived any objection to the court's personal jurisdiction over him and, therefore, his conviction and sentence are not void for lack of personal jurisdiction." *Marbuery-Davis III*, 2024-Ohio-586, ¶ 9 (8th Dist.).

{¶ 18} With limited exceptions inapplicable here, "a writ of prohibition solely and only tests the subject-matter jurisdiction of a lower court." *State ex rel. Beach Mfg., Co. v. Corrigan*, 2024-Ohio-6200, ¶ 4 (8th Dist.), citing *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404 (1988); *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17 (1965). Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a case. *State v. Harper*, 2020-Ohio-2913, ¶ 23; *Smith v. May*, 2020-Ohio-61, ¶ 37. It is the court's power to hear a case and render a sentence. *See State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). Through the power vested in it by Ohio Const., art. IV, § 4(B), the General Assembly has given the common pleas courts original jurisdiction over "all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. This includes subject-matter jurisdiction over felony cases. *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8. The jurisdiction of a court of common pleas is invoked by the return of an indictment. *Click v. Eckle*, 174 Ohio St. 88, 89 (1962).

{¶ 19} After careful consideration, we find Marbuery-Davis has failed to demonstrate that the trial court was unable to exercise judicial power based on a patent and unambiguous lack of jurisdiction. In this case, Marbuery-Davis was named in a criminal indictment in Cuyahoga C.P. No. CR-15-596537-A in the Cuyahoga County Court of Common Pleas, charging him with various felony offenses based on alleged criminal acts occurring within Cuyahoga County. As a sitting judge of the Cuyahoga County Court of Common Pleas, the respondents'

predecessor, Judge Michael E. Jackson, unquestionably possessed subject-matter jurisdiction over Marbuery-Davis's criminal case. *See* R.C. 2931.03; *State ex rel. Pruitt v. Donnelly*, 2011-Ohio-4203.

{¶ 20} Contrary to Marbuery-Davis's claim, the trial court's alleged failure to comply with R.C. 2937.06(A) and 2943.02 did not clearly and unambiguously deprive the trial court of its subject-matter jurisdiction over the criminal action. At the very most, Marbuery-Davis's claim alleges an error only in the trial court's exercise of its jurisdiction. This is not a proper basis upon which this court can grant prohibition relief. *See State ex rel. Schwarzmer v. Mazzone*, 2025-Ohio-1246, ¶ 13 ("If a court has subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case cannot be challenged in prohibition but instead must wait to be challenged until appeal of the final judgment."); *Harper* at ¶ 26 ("When a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void."); *State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 2023-Ohio-4569, ¶ 15 (extraordinary relief is not available to attack a voidable judgment).

{¶ 21} Having determined that the trial court did not patently and unambiguously lack jurisdiction over Marbuery-Davis's criminal case, a writ of prohibition will not issue unless Marbuery-Davis can show that he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Peterson v. Miday*, 2024-Ohio-2693, ¶ 22, citing *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13.

{¶ 22} On this record, we find Marbuery-Davis had an adequate remedy at law by way of direct appeal from his criminal convictions. *See, e.g., State ex rel. Plant v. Cosgrove*, 2008-Ohio-3838, ¶ 5 ("In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal."); *State ex rel. Huntington Natl. Bank v. Kontos*, 2015-Ohio-5190, ¶ 17 (The availability of an "appeal is considered an adequate remedy that will preclude a writ of prohibition."); *Smith v. Warren*, 89 Ohio St.3d 467, 468 (2000) ("Appeal, not prohibition, is the remedy for the correction of errors or irregularities of a court having proper jurisdiction."). Marbuery-Davis simply failed to raise his claims under R.C. 2937.06(A) and 2943.02 at the time of his direct appeal. He did, however, raise the issue of voidness in his postconviction motion to vacate his sentence, which was denied.[5] His adequate remedy precludes a writ of prohibition. Accordingly, the respondents' motion to dismiss on this basis is well taken.

---

[5] As mentioned, Marbuery-Davis previously raised analogous arguments in his untimely petition for postconviction relief. *See Marbuery-Davis III*, 2024-Ohio-586, at ¶ 7-9 (8th Dist.). Ordinarily, the resolution of an issue (such as the matter raised in relator's petition) that has been resolved in prior proceedings operates as res judicata in any future proceedings. Because, however, res judicata is an affirmative defense, requiring reference to matters beyond the face of the petition or complaint, it is improper to utilize the doctrine in the course of a Civ.R. 12(B)(6) analysis. *See, e.g., State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, 2021-Ohio-3662, ¶ 10.

## III. Conclusion

{¶ 23} Because Marbuery-Davis had an adequate remedy in the ordinary course of the law to raise the claims in his complaint and because the trial court did not patently and unambiguously lack jurisdiction, Marbuery-Davis is not entitled to a writ of prohibition. Accordingly, this court grants the respondents' dispositive motion and dismisses the complaint for a writ of prohibition. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 24} Writ dismissed.


_____
DEENA R. CALABRESE, JUDGE

MICHAEL JOHN RYAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR